1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  AMANDA U. LEVY,

11              Plaintiff,                    No. 2:13-cv-0070 KJM KJN PS

12         vs.

13  RYAN SEACREST
    PRODUCTIONS, et al.,
14
                Defendants.              ORDER AND
15                                       FINDINGS AND RECOMMENDATIONS

16  _____/

17              Plaintiff Amanda U. Levy ("plaintiff") is proceeding without counsel in this

18  action and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

19  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it

20  determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

21  state a claim on which relief may be granted, or seeks monetary relief against an immune

22  defendant.

23              For the reasons stated below, the undersigned grants plaintiff's application to

24  proceed in forma pauperis but recommends that plaintiff's complaint be dismissed.  Specifically,

25  the undersigned recommends that plaintiff's action be dismissed for lack of subject matter

26
    _____

        [1]  This proceeding was referred to the undersigned pursuant to Eastern District Local Rule
    302(c)(21) and 28 U.S.C. § 636(b)(1).

jurisdiction and due to improper venue.  28 U.S.C. § 1406(a) (court "shall dismiss" for improper venue).

I.     APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Motion to Proceed In Forma Pauperis, Dkt. No. 2.)  Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.    SCREENING PLAINTIFF'S COMPLAINT

A.    General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that: the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in

Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 663).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See, e.g., Lopez, 203 F.3d at 1130-31; Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

3

1  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

2  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

3          Finally, a federal court has an independent duty to assess whether federal subject

4  matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life

5  Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

6  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

7  whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

8  342 (9th Cir. 1996).  Federal district courts are courts of limited jurisdiction that "may not grant

9  relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is

10 presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z

11 Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted).

12 The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction.  See Fed. R. Civ.

13 P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court

14 must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d

15 982, 989 (9th Cir. 2003).

16         B.    Plaintiff's Complaint

17         Plaintiff alleges that she had a telephone conversation with Ryan Seacrest of Ryan

18 Seacrest Productions and an email exchange with Gary Seacrest of Ryan Seacrest Foundation

19 (collectively, "defendants"), wherein she informed defendants that she wished to volunteer with

20 the Ryan Seacrest Foundation.  (Compl., Dkt. No. 1 at 2; see also Exhs. to Compl., Dkt. No. 3.)

21 Thereafter, plaintiff allegedly traveled from Los Angeles to Atlanta and expressed her wish to

22 volunteer at defendants' "children's hospital," only to be turned away.  (Compl. at 2.)  Plaintiff

23 alleges that, given that she traveled from Los Angeles to Atlanta only to be turned away, the

24 defendants "breached our contract."  (Id.)  Plaintiff also alleges that some of her belongings were

25 stolen or thrown away during her trip.  (Id.)  Plaintiff alleges that she "has a physical disability."

26 (Id. at 4-5.)

1    Plaintiff's complaint lists citations to Title VII of the Civil Rights Act of 1964, the

2    Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.  (Id. at 3.)

3    III.    DISCUSSION

4         A.    Subject Matter Jurisdiction

5         Plaintiff alleges that this court's subject matter jurisdiction is premised upon both

6    diversity jurisdiction and federal question jurisdiction.  (Compl. at 3, 6.)  However, as described

7    below, it does not appear that diversity jurisdiction exists in this case.  Similarly, plaintiff has not

8    properly stated a claim under a federal statute.

9         Federal district courts are courts of limited jurisdiction that "may not grant relief

10   absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed

11   to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l, 323

12   F.3d at 1145 (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the

13   court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

14   action.").  Generally, original federal subject matter jurisdiction may be premised on two

15   grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction.

16        District courts have diversity jurisdiction over "all civil actions where the matter

17   in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

18   action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects

19   of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign

20   state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of

21   different States."  28 U.S.C. § 1332.

22        District courts have federal question jurisdiction over "all civil actions that arise

23   under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

24   under' federal law either where federal law creates the cause of action or 'where the vindication

25   of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

26   Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

5

1   (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

2   presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

3   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

4   the face of the plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer

5   Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

6          1.     Diversity Jurisdiction

7         Plaintiff alleges that this court has diversity jurisdiction pursuant to 28 U.S.C. §

8   1332.  (Compl. at 6 ("Diversity arises because the amount ($1,000,000.00) exceeds $75,000.").)

9   Generally, however, in an action where subject matter jurisdiction is premised on the diversity

10  statute, there must also be *complete* diversity of the parties, which means that all of the plaintiffs

11  have a different state of citizenship than all of the defendants.  See, e.g., Cook v. AVI Casino

12  Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if [plaintiff], a

13  resident of California, has citizenship which is diverse from that of every defendant.")

14        Here, plaintiff alleges that the amount in controversy exceeds $75,000.  (Compl.

15  at 6.)  However, even accepting that rather conclusory allegation, plaintiff has not sufficiently

16  alleged that the parties' citizenship is completely diverse, and it readily appears that she cannot

17  allege complete diversity of citizenship.  Plaintiff alleges that she and the defendants are all

18  residents of California.  (Compl. at 4 ("Both Plaintiff and Defendant[s] reside in the state of

19  California.").)  The fact that the named defendants are alleged to be California residents destroys

20  the requisite "complete diversity" in this case.  See Cook, 548 F.3d at 722.  Accordingly, this

21  court lacks diversity jurisdiction.

22         2.     Federal Question Jurisdiction

23        Plaintiff appears to seek to allege violations of several federal statutes, namely,

24  the Americans with Disabilities Act of 1990 (the "ADA"), Title VII of the Civil Rights Act of

25  1964, and the Civil Rights Act of 1991.  (Compl. at 3.)  A "bare citation to" federal statutes or

26  the U.S. Constitution fails to establish the requisite subject matter jurisdiction.  E.g. Denton v.

1   Agents of Oregon, No. 3:12–CV–00022–HZ, 2012 WL 6617389, at *2 (D.Or. Dec. 19, 2012)

2   (unpublished) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 117 (1936)).  Plaintiff has not only

3   offered mere "bare citations" to these federal statutes; as described below, she has also failed to

4   allege facts that could support claims under these statutes.

5          a.      Americans With Disabilities Act

6          Plaintiff appears to seek to allege that defendants are liable under "Title I and

7   Title V" of the Americans with Disabilities Act.[2]  (Compl. at 3.)  However, the Ninth Circuit

8   Court of Appeals has explained that, "Title I [of the ADA] covers all aspects of the

9   employer-employee relationship . . . it does not cover other relationships, which are addressed

10  elsewhere in the ADA."  Fleming v. Yuma Regional Medical Center, 587 F.3d 938, 942 (9th Cir.

11  2009).  In short, Title I of the ADA applies to employment relationships, and plaintiff has not

12  alleged facts suggesting that she had applied for a job or that she and defendants were in an

13  employment relationship.  Morever, even assuming *arguendo* that wanting to volunteer with

14  defendants was the same as applying for employment, plaintiff has not alleged any facts plausibly

15  suggesting that the defendants' alleged actions were in any way motivated by her disability, let

16  alone that defendants were even aware of the disability.  See Bates v. United Parcel Service, Inc.,

17  511 F.3d 974, 988 (9th Cir. 2007) ( "[U]nder the ADA, an employee bears the ultimate burden of

18  proving that he is (1) disabled under the Act, (2) a qualified individual with a disability, and (3)

19  discriminated against *because of* the disability.") (en banc) (internal quotation marks omitted)

20  (emphasis added).  Plaintiff has not plausibly alleged that defendants took any of the alleged

21  actions "because of" her disability.  See id.

22  ////

23

24          [2] Title I of the ADA, 42 U.S.C. § 12112(a) provides that, "[n]o covered entity shall
    discriminate against a qualified individual on the basis of disability in regard to job application
25  procedures, the hiring, advancement, or discharge of employees, employee compensation, job
    training, and other terms, conditions, and privileges of employment."
26

                                                    7

1   Further, "Title V" of the ADA codifies prohibitions against retaliation and

2   coercion of individuals with disabilities when they oppose an unlawful practice under the ADA

3   or encourage another individual exercising a right granted under that statute.  42 U.S.C. §

4   12203(a)-(b).  To establish a prima facie case of retaliation under the ADA, a plaintiff must show

5   that: (1) she engaged in a protected activity; (2) suffered an adverse action; and (3) there was a

6   causal link between the two.  E.g. Brown v. City of Tucson, 336 F.3d 1181, 1186–87 (9th Cir.

7   2003) (analyzing burden-shifting applicable to claim of retaliation in violation of 42 U.S.C. §

8   12203(a) at summary judgment).  Here again, however, plaintiff has not plausibly alleged that

9   defendants were even  aware of her disability, let alone that she suffered an adverse employment

10   action *because of* such awareness.  Plaintiff has also not plausibly alleged facts suggesting that

11   defendants retaliated against her for having lodged a complaint, made a charge, or opposed an

12   "act or practice made unlawful" by the ADA.  42 U.S.C. § 12203(a)-(b).

13   Accordingly, plaintiff has failed to properly plead an actionable ADA claim, and

14   such claim cannot serve as the basis for federal question jurisdiction.

15   b.   Title VII

16   Plaintiff's pleading cursorily cites to Title VII ("Title VII"), as well as the Civil

17   Rights Act of 1991 that amended Title VII.  42 U.S.C.A. §§ 2000e et seq.  (Compl. at 3.)  In

18   general, these statutes protect against discrimination in employment; however, plaintiff's

19   allegations do not plausibly support claims thereunder.

20   In general, Title VII permits a cause of action against *employers* for unlawful

21   employment practices that discriminate on the basis of race, color, religion, sex, or national

22   origin.  See 42 U.S.C. § 2000e-2.  As explained above, plaintiff does not allege any facts

23   indicating that she and defendants were in an employment relationship.  Moreover, even

24   assuming *arguendo* that plaintiff's goal of volunteering for defendants created such a

25   relationship, plaintiff has not plausibly alleged that such relationship was negatively altered on

26   the basis of her membership in a protected class, or that defendants were even aware of such

8

1  membership.

2          Accordingly, plaintiff has failed to properly plead an actionable Title VII claim,

3  and such claim cannot serve as the basis for federal question jurisdiction.

4          B.    <u>State Law Claims</u>

5          Plaintiff alleges additional claims based on California state law, such as breach of

6  contract and "personal injury tort."  (Compl. at 2-3.)  Because the court has determined that

7  diversity jurisdiction does not exist in this case and that there are no valid federal claims apparent

8  on the face of plaintiff's well-pleaded complaint, <u>see</u> 28 U.S.C. § 1331 and <u>Placer Dome</u>, 582

9  F.3d at 1091, this court lacks subject matter jurisdiction.  Accordingly, the undersigned

10  recommends that the court decline to exercise supplemental jurisdiction over the remaining state

11  law claims pursuant to 28 U.S.C. § 1367(c).

12          C.    <u>Improper Venue</u>

13          The federal venue statute requires that all civil actions filed in any district court be

14  brought in "(1) a judicial district where any defendant resides, if all defendants reside in the

15  same State, (2) a judicial district in which a substantial part of the events or omissions giving rise

16  to the claim occurred, or a substantial part of property that is the subject of the action is situated,

17  or (3) if there is no district in which an action may otherwise be brought as provided in this

18  section, any judicial district in which any defendant is subject to the court's personal jurisdiction

19  with respect to such action."  28 U.S.C. § 1391(b).

20          Plaintiff's pleading makes clear that the Eastern District of California is not the

21  proper venue in which to bring this case.  Defendants' addresses are in Los Angeles, California

22  (Compl. at 1), and the alleged acts giving rise to the claim are all alleged to have occurred either

23  in Los Angeles or Atlanta; neither city is within the Eastern District of California.  <u>See</u> <u>Costlow</u>

24  <u>v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (where all defendants resided in Alaska and

25  "virtually all of the activity providing the basis of the complaint took place" there, district court

26  properly concluded that it lacked venue).  "The district court of a district in which is filed a case

1   laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

2   transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

3   1406(a).  Given the allegations in the pleading, this matter should have been brought in the

4   district where the defendants reside or in the district where the allegations supporting the cause of

5   action occurred, not in the Eastern District of California.

6          "Venue may be raised by the court *sua sponte* where the defendant has not filed a

7   responsive pleading and the time to do so has not run," see Lawrie v. Cline, No. C 11-1235 SBA

8   (PR), 2011 WL 7121807, at *2 (N.D. Cal. Nov. 4, 2011) (unpublished) (transferring case at

9   screening under 28 U.S.C. § 1915A(a)).  Here, defendants have not filed a responsive pleading

10  and the time for doing so has not run; service of the pleading has not been ordered and no answer

11  is on file.

12         Accordingly, pursuant to 28 U.S.C. § 1406(a) (court "shall dismiss" for improper

13  venue), the undersigned recommends that this case be dismissed.

14     IV.   CONCLUSION

15         Although the court typically grants a pro se plaintiff leave to amend his or her

16  pleading, for the reasons stated above it does not appear that the above-described defects can be

17  cured by more detailed factual allegations or revision of plaintiff's claims.  Significantly,

18  plaintiff's pleading does not allege a proper basis for this court's subject matter jurisdiction, and

19  in any event, improper venue in this particular case warrants dismissal pursuant to 28 U.S.C. §

20  1406(a).  Accordingly, the undersigned recommends that this action be dismissed.  However,

21  such dismissal should be without prejudice to refiling in the proper venue, assuming plaintiff

22  could also properly allege the basis for subject matter jurisdiction.

23         For the foregoing reasons, IT IS HEREBY ORDERED that:

24     1.    Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is

25  GRANTED;

26  ////

10

Also for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's action be dismissed without prejudice; and

2.      The Clerk of the Court be directed to close this case.

IT IS SO ORDERED AND RECOMMENDED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 29, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11